HENRY GIFFORD *vs.* WILLIAM H. ALLEN & another.

Where an agreement of certain creditors to give their debtor an extension of time, and to accept a part in discharge of the whole of their demands, is made on a condition that a certain other creditor shall execute the same agreement, and such creditor has previously made an assignment, for the benefit of his own creditors, of his demand against such debtor, the execution of said agreement by his assignees is a performance of that condition.

If the holder of a note payable on demand makes a valid agreement with the principal promisor, without the consent of the surety, to receive payment by yearly instalments, he thereby discharges the surety.

PUTNAM, J. This suit, which was commenced on the 15th of June 1838, is upon a promissory note made by the defendants, and dated June 15th 1832, by which they jointly and severally promised the plaintiff to pay him, or his order, $459·75, on demand with interest. Isaac Averill was principal, and William H. Allen was surety. Averill has been defaulted. The defence relied upon for Allen is, that the plaintiff, by his agreement under his hand and seal, dated April 8th 1834, gave time to Averill, the principal, without Allen's consent, and so by operation of law he is discharged.

Upon reference to the sealed instrument, it appears that the several creditors of Averill, including the plaintiff, agreed to take seventy-five per cent. of their respective demands, without in terest, in three yearly payments ; and they severally covenanted with Averill not to sue their demands within three years from the date of the same agreement, viz. April 8th 1834 ; provided nevertheless, that the agreement was not to be binding upon the subscribers thereto, unless seventy-five per centum should be paid as aforesaid, and unless all the creditors of the said Averill, who were named in a certain agreement made by Gideon Allen with said Averill, dated February 6th 1834, should sign the same. The name of the plaintiff, and the name of John Thorn· ton, are mentioned in this last agreement, together with the names of other creditors of Averill. But the signature of John Thornton is not found to be upon the agreement of April 8th 1834 ; and therefore the plaintiff contends that the agreement to give time to Averill became void and inoperative by its own terms

It appears, however, that the same instrument was signed and sealed by Samuel B. Pierce by John Sargent, and the same was executed by said Sargent for himself.   But it does not appear from the paper itself, that the execution by Sargent and Pierce has any relation to the demand of Thornton.   Apparently, then, the agreement never took effect ; because the condition, upon which the same was made, was not literally performed.   But by the statement of facts, as amended since the case was before the court at the last October term, the depositions of John Sargent and Samuel B. Pierce are to be referred to as constituting a part of the case.   And by these depositions, it appears that in January or February 1834, the said John Thornton assigned to the said Sargent and Pierce all the notes and books of account which he then possessed, to pay *first*, the claims of said Sargent against said Thornton ; *secondly*, the demands of said Pierce against said Thornton ; and the residue to be paid and distributed according to other provisions contained in the assignment.   This was nearly two years after the note was given, upon which this action was brought.   The agreement of the creditors, giving time to Averill, was made after the assignment of Thornton to Sargent and Pierce.   So that in fact Thornton was not a creditor of Averill at the time when the aforesaid agreement of the creditors was made.

Now the manifest intent of that instrument was to postpone the claims of the creditors of Averill ; and that would substantially be effected, if the party who had the legal right should execute the contract, although the original creditor might not execute the same.   If, for example, one of the creditors should decease, or had deceased, the execution of the instrument by his executor or administrator would be within the true intent and meaning of the agreement :   And so if the original creditor had assigned his claim against Averill, as in the case at bar, the assignees would have a right to give time and to make and execute the agreement which the original creditor might have done.   The assignees would have a power coupled with an interest, which would authorize them to act in that behalf with as full effect as if the assignor had acted for himself.

If it should be argued that the note was not discharged by the agreement to give time, as is mentioned in the sealed agreement — that the note might be sued notwithstanding the agreement, and that the remedy of the debtor would be by suit against the creditor for the breach of his agreement — that argument ought not to prevail ; for it would be founded upon a presumption of the creditors' own wrong.    It is not to be presumed that the agreement will be violated on the part of the creditors.    The condition on which they entered into the agreement, so far as it related to John Thornton, was executed and performed by Sargent and Pierce, assignees of Thornton.    It results, then, that by the effect of that sealed agreement, delay of payment was given to the principal, without the assent of the surety ; and according to principles of law, which are familiar and well settled, the surety was thereby discharged from his liability on the note.    *Greely* v. *Dow*, 2 Met. 176.    *Bank of U. States* v. *Hatch*, 6 Pet. 259.    The opinion of the whole court is, that the plaintiff must therefore become nonsuit, so far as his action is against Allen.

*Eliot*, for the plaintiff.

*Colby & Clifford*, for Allen.